UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE MIKE DOE,<br><br>**Plaintiff,**<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>**Defendant.** | Civil Action No. 24-2412 (JEB) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Jane Mike Doe accuses the District of Columbia of violating her constitutional rights by prioritizing "illegal aliens with children" over "native Washingtonians without children" like herself when assigning individuals to housing shelters. See ECF No. 1 (Compl.), ¶ 13. She has filed a Motion to Proceed Under Pseudonym. See ECF No. 6 (Mot.). The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

**I.     Legal Standard**

Generally, a complaint must identify the plaintiff. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found.

1

v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.    Analysis**

At this early stage, Plaintiff has met her burden to show that her privacy interests outweigh the public's presumptive and substantial interest in learning her identity.

First, Doe does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature."  Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  She seems to allege that, as a result of being denied a bed at a D.C. shelter, she was forced to sleep outside and was ultimately sexually assaulted.  See Mot., ¶¶ 10–11.  Doe's case therefore arises from her experience as a "sexual crime victim."  Id., ¶¶ 2–9.  "Courts generally

2

allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects." Doe v. Cabrera, 307 F.R.D. 1, 5 (D.D.C. 2014). Plaintiff, moreover, describes the injuries she suffered from her assault, and medical information is quintessential personal information. See In re Sealed Case, 971 F.3d at 327. The first factor thus suggests pseudonymity is appropriate in this case.

The second factor, which concerns the "risk of retaliatory physical or mental harm" to Plaintiff, counsels against granting the Motion. See In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97). She does not suggest that she or anyone else will suffer harm if her identity becomes public, nor is there reason to believe that there is a danger of such harm. This factor accordingly weighs against letting Plaintiff proceed under a pseudonym. Doe similarly does not argue that the third factor supports her Motion — and for good reason, given that she is "42 years old and nearing 6-months." Mot., ¶ 11. Because she is not a minor or a young adult, the third factor also disfavors pseudonymity. See Doe v. Burns, No. 23-2937, ECF No. 7 (Order) at 6 (D.D.C. Oct. 5, 2023)

With respect to the fourth factor, Plaintiff has sued only the District of Columbia, and "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations"). The fourth factor thus supports her Motion.

As for the fifth, Defendant would suffer no unfairness if the Motion were granted because, according to Plaintiff, the District is already aware of her identity and the events comprising the basis of this lawsuit. See Mot., ¶ 11; In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity). Defendant, of course, remains free to request any further information it deems necessary to the full and fair defense of the case, and Doe remains free to object.

On balance, although the second and third factors disfavor Plaintiff, the remaining three tip the scale toward permitting her to proceed under a pseudonym for now.

The Court accordingly ORDERS that:

1. Plaintiff's [6] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff shall file on the public docket:

    i. A pseudonymous version of her [6] Motion and any attachments; and

    ii. A sealed declaration containing her real name and residential address.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: December 17, 2024